Order Filed on September 12, 2025
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>**ARP HOSPITALITY GROUP LLC,**<br><br>Debtor. | Case No.:  25-17941<br>Chapter:  11<br>Judge:  John K. Sherwood |

**DECISION AND ORDER RE: DEBTOR'S EMERGENCY MOTION TO STAY NATIONAL LABOR RELATIONS BOARD UNFAIR LABOR PRACTICE HEARING**

The relief on the following pages, numbered two (2) through six (6), is hereby ORDERED.

DATED: September 12, 2025

Honorable John K. Sherwood
United States Bankruptcy Court

| | |
|---|---|
| Debtor: | In re ARP Hospitality Group LLC |
| Case No.: | 25-17941 |
| Caption: | **DECISION AND ORDER RE: DEBTOR'S EMERGENCY MOTION TO STAY NATIONAL LABOR RELATIONS BOARD UNFAIR LABOR PRACTICE HEARING** |

## Facts and Procedural History

Chapter 11 Debtor ARP Hospitality Group LLC d/b/a Fairfield Inn & Suites Paramus ("Debtor") filed an Emergency Motion to Stay a National Labor Relations Board ("NLRB") Unfair Labor Practice Hearing ("the Hearing") scheduled for September 16, 2025. The Debtor requests a 30-day stay due to the bankruptcy proceeding. The Debtor seeks this stay to provide time for the Debtor's court-approved accountant and business consultant, Thomas Colitsas, to recover from a severe illness, preserve the status quo, and provide the Debtor with a "breathing spell" so that the Debtor can engage in settlement talks with the Hotel and Gaming Trades Council, ALF-CIO ("the Union"). [ECF No. 45]. The Union and the NLRB object to the Debtor's motion to stay the Hearing, contending that the Hearing is not subject to the automatic stay because the issue to be tried before an Administrative Law Judge ("ALJ") relates to the police and regulatory powers of a federal agency. [ECF Nos. 56, 59].[1]

The Debtor purchased the Fairfield Inn & Suites in Paramus, New Jersey ("the Hotel") from the Shaner Hotel Group d/b/a The Fairfield Inn & Suites Paramus ("Shaner"). Shaner and the Union were parties to a collective bargaining agreement ("the CBA") that expired on November 30, 2023. The Debtor began operating the Hotel on January 4, 2024. The Union filed its Unfair Labor Practice Complaint against the Debtor on June 2, 2025, approximately a year and a half after the events giving rise to the claims in NLRB's Complaint occurred. The Debtor filed its Answer

---

[1] The NLRB and the Union have also argued that the relief requested by the Debtor should have been brought in an adversary proceeding as opposed to a motion (Bankruptcy Rule 7001). Though this argument has some technical merit, it does not justify denial of the motion given the limited relief sought and the emergent circumstances.

| | |
|---|---|
| Debtor: | In re ARP Hospitality Group LLC |
| Case No.: | 25-17941 |
| Caption: | **DECISION AND ORDER RE: DEBTOR'S EMERGENCY MOTION TO STAY NATIONAL LABOR RELATIONS BOARD UNFAIR LABOR PRACTICE HEARING** |

to the Complaint on June 30, 2025. The Debtor's petition for Chapter 11 relief was filed on July 29, 2025. [ECF No. 1].

The Debtor claims that it initiated settlement negotiations on August 4, 2025, and provided the Union's counsel with requested financial information. The Debtor sought an adjournment of the Hearing on August 12, 2025, which was denied on August 14, 2025 by the NLRB. No request has been made to the ALJ for an adjournment of the Hearing. On August 26, 2025, the Debtor and the Union's counsel met for a Zoom conference in which consent for an adjournment was once again refused. Mr. Colitsas, who participated in the Zoom conference, was hospitalized on August 27, 2025. [ECF No. 45]. The Debtor's application to retain replacement counsel for the NLRB dispute was only recently granted on September 3, 2025. [ECF No. 52]. At the September 9, 2025 hearing before this Court, the Debtor expressed interest in further negotiations to stem the rising costs of litigation.

## **Analysis**

Under § 362(b)(4), governmental enforcement actions brought pursuant to a police power may be exempt from the automatic stay to the extent that they promote health and safety or public policy. 11 U.S.C. § 362(b)(4). This section exempts "the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power" from the automatic stay. 11 U.S.C. § 362(b)(4).

Page 4
Debtor:       In re ARP Hospitality Group LLC
Case No.:   25-17941
Caption:     **DECISION AND ORDER RE: DEBTOR'S EMERGENCY MOTION TO STAY NATIONAL LABOR RELATIONS BOARD UNFAIR LABOR PRACTICE HEARING**

The Third Circuit has permitted NLRB enforcement actions that impact health and safety notwithstanding a debtor's bankruptcy filing. *Brock v. Morysville Body Works, Inc.*, 829 F.2d 383, 388-89 (3d Cir. 1987) (petition by Secretary of Labor to enforce Occupational Safety and Health Administration citation for violations of safety and health standards was not stayed). Other circuits have found that the NLRB is a governmental unit and that NLRB enforcement actions relating to unfair labor practices may be exempt from the automatic stay. *NLRB v. 15th Ave. Iron Works, Inc.*, 964 F.2d 1336, 1337 (2d Cir. 1992) (adopting the majority view of the first, fifth, sixth, seventh, and ninth circuit that the NLRB is a "governmental unit," and unfair labor practice hearings and enforcement actions are not stayed under § 362(b)(4)).

Two overlapping tests determine whether an enforcement action is exempted under § 362(b)(4) as an exercise of a police power: the public policy test and the pecuniary purpose test. *In re Nortel Networks, Inc.*, 669 F.3d 128, 139-41 (3d Cir. 2011) (action related to liability in a pension shortfall focused on private rights rather than public protection). Under the tests, enforcement actions aimed at public protection, and not primarily private rights of action or monetary concerns, may proceed. *Brock*, 829 F.2d at 388-89 (finding the order intended to remedy an unsafe worksite exempt from the stay, but the enforcement of a money judgment subject to the stay); *Chao v. Hosp. Staffing Servs., Inc.*, 270 F.3d 374, 389-94 (6th Cir. 2001) (a § 216 FLSA action brought by the Department of Labor failed the public policy test because it primarily enforces the employee's private rights).

The NLRB asserts that the Hearing is only seeking to determine liability for unfair labor practices and to restore the Union as the bargaining representative for the Debtor's employees.

| | |
|---|---|
| Debtor: | In re ARP Hospitality Group LLC |
| Case No.: | 25-17941 |
| Caption: | **DECISION AND ORDER RE: DEBTOR'S EMERGENCY MOTION TO STAY NATIONAL LABOR RELATIONS BOARD UNFAIR LABOR PRACTICE HEARING** |

Collection of money damages would occur through a separate and later proceeding. [ECF No. 64]. This assertion is supported by the NLRB Complaint. [ECF No. 56, Ex. E]. The Court agrees to the extent that the Hearing is necessary to establish that the Debtor engaged in unfair labor practices, it would fall within the § 362(b)(4) exemption.

However, enforcement actions that fall within the § 362(b)(4) exception remain subject to the Court's powers under 11 U.S.C. § 105(a). *See NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 939-40, n.3 (6th Cir. 1986) (citing 2 Collier on Bankruptcy ¶ 362.05 at 362-40 (15th ed. 1985)); *In re Bel Air Chateau Hosp., Inc.*, 611 F.2d 1248, 1251 (9th Cir. 1979). The Court has discretion to issue a stay if it determines that the governmental proceedings "threaten" the bankruptcy estate based on a case-by-case analysis. *Matter of Nicholas, Inc.*, 55 B.R. 212, 217 (Bankr. D.N.J. 1985) (citations omitted). The Bankruptcy Court may enjoin the prosecution of an enforcement action if the Debtor is entitled to equitable relief to protect its estate and/or in furtherance of the bankruptcy process. *See Penn Terra Ltd. v. Dep't of Env't Res.*, 733 F.2d 267, 273-74 (3d Cir. 1984).

Here, the Court finds that the Hearing is within the § 362(b)(4) exemption to the automatic stay. But, the Court will exercise its § 105(a) powers and enjoin the Hearing. The Debtor seeks a "breathing spell" of a mere 30 days to allow time for its accountant to recover from his illness, for its counsel to prepare for the Hearing, and to further settlement talks. Considering the brief time requested, the gravity of the CBA issue to this bankruptcy case, the ongoing settlement efforts, and the high costs of litigation, moving forward with the Hearing on September 16, 2025 would burden the estate and hinder the bankruptcy process.

Document    Page 6 of 6

Page 6
Debtor:     In re ARP Hospitality Group LLC
Case No.:   25-17941
Caption:    **DECISION AND ORDER RE: DEBTOR'S EMERGENCY MOTION TO STAY NATIONAL LABOR RELATIONS BOARD UNFAIR LABOR PRACTICE HEARING**

---

Additionally, in the September 9, 2025 hearing, the Debtor stated its intent to later utilize 11 U.S.C. § 1113. This section of the Bankruptcy Code provides specific circumstances where a debtor may assume, reject, or modify a collective bargaining agreement. 11 U.S.C. § 1113(a). The Third Circuit has held that § 1113 applies to a collective bargaining agreement even after it has expired. *In re Trump Ent. Resorts*, 810 F.3d 161, 173 (3d Cir. 2016). Based on the limited record here, it is possible that the ALJ might conclude that although the CBA expired in November 2023, the Debtor was required to maintain the status quo until a new agreement could be reached. *In re Trump Ent. Resorts*, 810 F.3d at 168. If the Debtor chooses to pursue the § 1113 procedure to reject or modify the CBA after the Hearing, the § 1113 matter will be heard by this Court.

The treatment of the CBA and the Union's claims in this case seem to be very significant to the Debtor's financial reorganization. The Debtor should have ample time to negotiate a settlement with the Union or, if necessary, develop a litigation strategy. This matter is nothing more than a contested adjournment request. The Debtor is not seeking to tread upon the NLRB's enforcement rights. The Debtor has been in Chapter 11 for just over one month. Its request for a 30-day adjournment is not unreasonable. The parties are urged to meet and confer over factual and legal issues to streamline proceedings before the ALJ and this Court. Generally, the interests of debtors in bankruptcy and their creditors are not served by protracted and expensive legal proceedings.

**THEREFORE, IT IS ORDERED THAT** the Court grants Debtor's emergency motion to stay the NLRB Hearing scheduled on September 16, 2025 for 30 days until October 16, 2025, or the next date thereafter that the ALJ can conduct the hearing.